UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHEKU DEEN YANSANE,<br><br>Defendant. | Crim. Action No. TDC-17-0435 |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Sheku Yansane's Emergency Motion for Compassionate Release. ECF Nos. 255, 257. On March 19, 2018, the Court sentenced Yansane to 60 months of imprisonment on his convictions for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a conviction felon, in violation of 18 U.S.C. § 922(g)(1). Yansane is presently designated to the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). With credit for time served in pretrial detention, Yansane has served approximately 35 months of this sentence and, with good conduct credits, is presently scheduled to be released on March 27, 2022.

In his Motion, Yansane seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to him in light of his current medical conditions.

**DISCUSSION**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a

modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)    in any case that—
>
>     (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i)    extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Yansane has exhausted administrative remedies, so the Court may consider the merits of the Motion.

Yansane, who is 37 years old, argues that the COVID-19 pandemic and his present medical conditions, specifically asthma, an untreated thyroid cyst, and post-traumatic stress disorder, present "extraordinary and compelling reasons" warranting a sentence reduction to time served. 18 U.S.C. § 3582(c)(1)(A)(i). Generally, in the context of the COVID-19 pandemic, the Court finds that extraordinary and compelling reasons may exist when an inmate has a condition that places the inmate at high risk for death or serious illness from COVID-19, and the inmate is

2

incarcerated within a prison in which there is imminent risk of contracting COVID-19. The United States Centers for Disease Control and Prevention ("CDC") has identified "moderate-to-severe" asthma as a condition that "might increase" the risk for severe illness from COVID-19, placing it in the second tier of potentially high-risk medical conditions. *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 23, 2020). Based on Yansane's medical records, it is unclear whether his asthma condition could be deemed to be "moderate-to-severe." The other two identified conditions are not high-risk conditions for purposes of COVID-19.

Even if the severity of Yansane's asthma could qualify as moderate-to-severe, at the present time, there are only a limited number of active cases of COVID-19 at FCI-Cumberland. As of November 20, 2020, there were only one inmate and three staff members with active cases. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 23, 2020). There have previously been an additional 16 cases among inmates and staff, but all of those individuals have now recovered. *Id.* Considering these circumstances, the Court does not find that Yansane's asthma condition creates "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Although the Court agrees with Yansane that the apparent lack of treatment for his thyroid condition is troubling, and recommends that the BOP provide any necessary treatment promptly, it does not find that it presents an extraordinary and compelling reason warranting a reduced sentence. Particularly with the present, limited impact of COVID-19 on FCI-Cumberland, there has been no showing that the COVID-19 pandemic is responsible for the lack of treatment to date.

Even it made a finding of extraordinary and compelling reasons, the Court would still need to consider the factors in 18 U.S.C. § 3553(a) and the "applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), which include consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).  As to the § 3553(a) factors, although the nature and circumstances of the crime were not among the most severe for the particular offenses of conviction, Yansane has a lengthy criminal record and has notably had disciplinary infractions while in prison.  Where Yansane has still served only 58 percent of his sentence, the Court finds that a sentence of time served is not consistent with the § 3553(a) factors, including the needs to promote respect for the law, provide just punishment, and provide adequate deterrence.  The Court therefore need not address whether Yansane currently presents a danger to the community. The Motion will be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Yansane's Emergency Motion for Compassionate Release, ECF Nos. 255, 257, is DENIED.


Date:   November 24, 2020                                    /s/ *Theodore D. Chuang*
                                                             THEODORE D. CHUANG
                                                             United States District Judge